UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EAMMA SAFI,<br>    a/k/a "TT,"<br>    a/k/a "Yummy,"<br>    Defendant | 24-cr-10200-RGS-JCB |

**GOVERNMENT'S ASSENTED-TO MOTION FOR PROTECTIVE ORDER**

Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and Local Rule 116, the government respectfully requests that the Court enter the attached proposed protective order relating to discovery and reciprocal discovery materials that are produced to or by the defendant Eamma Safi in this case. Pursuant to Local Rule 7.1(a)(2), the parties have conferred, and through counsel, the defendant assents to the entry of the proposed protective order. In support of this motion, the government states as follows:

1. On July 9, 2024, a federal grand jury returned an indictment charging the defendant Eamma Safi with two counts of conspiracy to commit securities fraud, two counts of securities fraud, one count of money laundering, and one count of money laundering conspiracy, all in violation of 18 U.S.C. §§ 371, 1348, 1349, 1956, 2 and 15 U.S.C. §§ 78j(b), 78ff(a).

2. The indictment alleges that, from at least November 2016 through February 2024, the defendant engaged in an international insider trading and money laundering scheme, including by conspiring with others to obtain material non-public information ("MNPI") about the financial performance and merger-and-acquisition activity of numerous publicly traded companies in

advance of the public announcements of that news. Docket No. 6 at ¶ 39. The indictment alleges that the defendant and others obtained that MNPI from, among other sources, company insiders who were participants in the scheme. *Id.* at ¶ 41. The indictment further alleges that, while in possession of that MNPI regarding several corporate announcements before it was disclosed to the public, the defendant and his co-conspirators traded on the basis of it in brokerage accounts held in their own names, and they provided the MNPI to other co-conspirator traders in exchange for a percentage of their trading profits. *See, e.g., id.* at ¶¶ 66-69, 84-154. The indictment further alleges that the defendant and his co-conspirators then conspired to and did launder illicit securities fraud proceeds, through transactions designed to conceal and disguise the nature, location, source, ownership, and control of the proceeds. *See, e.g., id.* at ¶¶ 155-172.

3.      On February 27, 2025, the defendant made his initial appearance and was arraigned on the indictment. Docket No. 18. The defendant requested automatic discovery. *Id.*

4.      The government will soon begin to produce automatic discovery to the defendant, which is anticipated to include, *inter alia*, extensive bank, brokerage, and other financial records and communications containing personally identifiable information and/or personal information for individuals other than the defendant, extensive materials from search warrants of accounts used by the defendant and other alleged co-conspirators, and sensitive information about cooperating witnesses.

5.      Under these circumstances, the government respectfully submits that a protective order protecting the discovery materials from unnecessary dissemination is appropriate. After conferring with counsel for the defendant, the defendant assents to the entry of the proposed protective order, which is attached as **Exhibit A**. The proposed protective order largely tracks protective orders entered by this Court and those entered in recent similar cases. *See, e.g., United*

*States v. Padilla*, 23-cr-10075-RGS-MPK, Docket No. 63; *United States v. Smerling*, 25-cr-10037-RGS-JCB, Docket No. 27.  As part of the parties' conference, the defendant proposed that the protective order cover reciprocal discovery produced by the defendant to the government, to which the government assents.

Accordingly, for the reasons set forth above, the government respectfully requests entry of the attached proposed protective order covering discovery and reciprocal discovery in this case.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    /s/ *Ian J. Stearns*
       MEGHAN C. CLEARY
       IAN J. STEARNS
       Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ *Ian J. Stearns*
IAN J. STEARNS
Assistant United States Attorney

Dated: March 24, 2025