UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | No. 24-cr-10200-RGS-JCB |
| EAMMA SAFI, ) | |
| ) | |
| Defendant ) | |

**JOINT INTERIM STATUS REPORT**

The government and the defendant Eamma Safi, through undersigned counsel, submit this joint interim status report pursuant to Local Rule 116.5(b) in advance of the interim status conference scheduled for December 9, 2025.  For the reasons set forth below, the parties jointly propose that the interim status conference be held as a combined status conference and arraignment on the superseding indictment.  However, due to a conflict for undersigned government counsel on December 9, 2025, the parties request that, subject to the Court's availability and the availability of videoconferencing at Wyatt detention center, the Court reschedule the status conference and arraignment for December 11, 2025 (in the morning) or December 12, 2025 (except 2:30 to 3:00 p.m.).

**(1)  Status of Automatic Discovery and Any Pending Discovery Requests**

Following entry of a protective order, the government made automatic discovery productions on March 27, 2025, May 8, 2025, June 3, 2025, July 10, 2025, July 17, 2025, July 18, 2025, July 31, 2025, and August 19, 2025.  Automatic discovery has been complete since August 19, 2025.  The government made supplemental discovery productions on August 22, 2025 and October 3, 2025, which contained compilations of materials previously produced. These productions have also included materials recently obtained as part of the government's

ongoing investigation. On November 7, 2025, defense counsel requested that the government reproduce a portion of one volume of the discovery due to a technical issue, and on November 21, 2025, the government completed that requested reproduction.

The discovery produced to date is voluminous: multiple terabytes, comprised of more than 33 million bates-stamped pages and/or files, including images of multiple phones and computers. The government has engaged a third-party discovery vendor to ensure that the discovery material is produced to the defense, where available, in a load-ready format, accompanied by text-searchable indices. This discovery produced via the third-party discovery vendor has been provided to the defense in an encrypted manner, which has taken the defense significant time to decrypt (so that the discovery is then accessible to the defense).

There are no pending discovery requests, other than the government's request for reciprocal discovery.

**(2)    Timing of Any Additional Discovery to be Produced**

On November 18, 2025, a superseding indictment was unsealed. *See* Dkt. Nos. 43, 50. At this time, the government does not anticipate that the superseding indictment will result in additional material to be produced to the defendant in automatic discovery.

The government does not, at this time, anticipate providing additional discovery, other than discovery that falls within the ambit of Local Rule 116.2(b)(2) (discovery that is provided not later than 21 days before the trial date), and other than additional discovery the government obtains, reviews, and processes pursuant to its ongoing investigation.

**(3)    Timing of Any Additional Discovery Requests**

To date, the parties have engaged cooperatively to address and resolve discovery issues. Given the encrypted format of the government's produced discovery, the defense has been

steadily working to decrypt the government's productions, so that the materials are accessible to the defense. Accordingly, the defense requires time to continue decrypting the referenced productions, as well as time for the navigation, organization, and review of tens of millions of pages and/or files of data before they can meaningfully evaluate whether to propound any discovery requests.

(4)     **Whether Any Protective Orders are Needed**

Pursuant to an assented-to motion filed by the government, the Court entered a protective order in this matter on March 25, 2025. *See* Dkt. No. 27.

(5)     **Timing of Any Pretrial Motions**

The parties agree that it is too early to set a motion schedule under Fed. R. Crim. P. 12(b).   The parties ask that any motions deadlines be set at a later status conference or no later than the initial pre-trial conference.

(6)     **Timing of Expert Witness Disclosures**

The parties agree that it is too early to set an expert disclosures deadline. The parties ask that an expert disclosures deadline be set no earlier than the next status conference, which will provide additional time for the parties to meet-and-confer about the deadline.

(7)     **Defenses of Insanity, Public Authority, or Alibi**

The defendant has not yet determined whether he will rely on any defenses of insanity, public authority, or alibi.

(8)     **Periods of Excludable Delay under the Speedy Trial Act**

The defendant was arraigned on the indictment on February 27, 2025.   *See* Dkt. No. 18. The Court thereafter excluded under the Speedy Trial Act the time from February 27, 2025 through April 15, 2025, the date for the initial status conference.   *See* Dkt. No. 21.   The Court

thereafter excluded under the Speedy Trial Act the time from April 15, 2025 through June 12, 2025, the date for the first interim status conference, *see* Dkt. No. 30, from June 12, 2025 through August 12, 2025, the second interim status conference, *see* Dkt. No. 34, from August 12, 2025 until November 4, 2025, the third interim status conference, *see* Dkt. No. 39, and from November 4, 2025 until December 9, 2025, *see* Dkt. No. 48. The parties agree the time period between the December 2025 status conference and the next status conference should be excluded because this time will be used for purposes to include, *inter alia*, review of the superseding indictment, review of discovery by the defense, conferral between the defendant and defense counsel, conferral between the parties regarding discovery requests and issues, and consideration of pre-trial motions. Therefore, the parties request that this Court find that the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

**(9)    Trial**

The parties have not engaged in plea discussions. At this time, the government estimates a four-week trial in this matter.

**(10)    Timing of an Interim Status Conference**

Subject to the Court's preference and schedule, the parties propose an interim status conference date be established approximately 60 days in the future and request entry of an accompanying order excluding the interim period under the Speedy Trial Act.

Respectfully submitted,

| | |
|---|---|
| LEAH B. FOLEY<br>United States Attorney | Mr. EAMMA SAFI<br>By his attorneys, |
| */s/ Ian J. Stearns*<br>IAN J. STEARNS<br>Assistant United States Attorney | */s/ Forest O'Neill-Greenberg*<br>FOREST J. O'NEILL-GREENBERG<br>CARA McNAMARA<br>Federal Defenders Office |

Dated:   December 2, 2025

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the Clerk of the Court using the ECF system, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

*/s/ Ian J. Stearns*
IAN J. STEARNS
Assistant United States Attorney