UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 24-cr-10200-RGS-JCB |
| EAMMA SAFI, | ) | |
| | ) | |
| Defendant | ) | |

## JOINT STATUS REPORT

The government and the defendant Eamma Safi, through undersigned counsel, submit this joint status report pursuant to Local Rule 116.5 in advance of the final status conference scheduled for February 24, 2026. For the reasons set forth below, the defendant proposes that the status conference be continued to a date in 30-45 days. The government takes no position on this request to continue. However, if the Court does not continue the status conference, due to a conflict, the government requests that the Court reschedule the conference to February 25 or February 26, 2026, or any other date convenient to the Court.

**(1)     Status of Automatic Discovery and Any Pending Discovery Requests**

Following entry of a protective order, the government made automatic discovery productions on March 27, 2025, May 8, 2025, June 3, 2025, July 10, 2025, July 17, 2025, July 18, 2025, July 31, 2025, August 19, 2025. Automatic discovery was completed on August 19, 2025. The government made supplemental discovery productions on August 22, 2025 and October 3, 2025, which contained compilations of materials previously produced. These productions have also included materials recently obtained as part of the government's ongoing investigation. On November 7, 2025, defense counsel requested that the government reproduce a portion of one volume of the discovery due to a technical issue, and on November 21, 2025, the government completed that requested reproduction. The government completed an additional

supplemental discovery production on January 9, 2026, containing materials obtained as part of the government's ongoing investigation.

The discovery produced to date is voluminous: multiple terabytes, comprised of more than 33 million bates-stamped pages and/or files, including images of multiple phones and computers. The government engaged a third-party discovery vendor to ensure that the discovery material was produced to the defense, where available, in a load-ready format, accompanied by text-searchable indices. This discovery produced via the third-party discovery vendor was provided to the defense in an encrypted manner, which then took the defense a significant period of months to decrypt so that the discovery could then be accessible to the defense. Now that the defense has decrypted the discovery and has access to it, the defense has been able to begin the process of discovery review.

There are no pending discovery requests, other than the government's request for reciprocal discovery.

**(2)    Timing of Any Additional Discovery to be Produced**

On November 18, 2025, a superseding indictment was unsealed. *See* Dkt. Nos. 43, 50.

The government does not, at this time, anticipate providing additional discovery, other than discovery that falls within the ambit of Local Rule 116.2(b)(2) (discovery that is provided not later than 21 days before the trial date), and other than additional discovery the government obtains, reviews, and processes pursuant to its ongoing investigation.

**(3)    Timing of Any Additional Discovery Requests**

To date, the parties have engaged cooperatively to address and resolve discovery issues. Given the encrypted format of the government's produced discovery, significant time was needed for the defense to first decrypt the government's productions, so that the materials would

be accessible to the defense. Accordingly, although the decryption process is now complete, the defense requires time to now organize and review tens of millions of pages and/or files of data before they can meaningfully evaluate whether to propound any discovery requests.

**(4)     Whether Any Protective Orders are Needed**

Pursuant to an assented-to motion filed by the government, the Court entered a protective order in this matter on March 25, 2025. *See* Dkt. No. 27.

**(5)     Timing of Any Pretrial Motions**

The defendant submits that it is too early to set a motion schedule under Fed. R. Crim. P. 12(b). The defendant asks that any motions deadlines be set at a later status conference or no later than the initial pre-trial conference.

**(6)     Timing of Expert Witness Disclosures**

The parties agree that it is too early to set an expert disclosures deadline. The parties ask that an expert disclosures deadline be set no earlier than the next status conference, which will provide additional time for the parties to meet-and-confer about the deadline.

**(7)     Defenses of Insanity, Public Authority, or Alibi**

The defendant has not yet determined whether he will rely on any defenses of insanity, public authority, or alibi.

**(8)     Periods of Excludable Delay under the Speedy Trial Act**

The defendant was arraigned on the indictment on February 27, 2025, *see* Dkt. No. 18, and the superseding indictment on December 17, 2025. *See* Dkt. No. 55. The Court has excluded under the Speedy Trial Act the time from February 27, 2025 through April 15, 2025, the date for the initial status conference. *See* Dkt. No. 21. The Court thereafter excluded under the Speedy Trial Act all the time from the initial status conference through the scheduled interim status

conferences, until the presently scheduled final status date of February 24, 2026. *See* Dkt. Nos. 30, 34, 39, 48. The parties agree the time period between the February 2026 status conference and the next status conference should be excluded because this time will be used for purposes to include, *inter alia*, review of discovery by the defense, conferral between the defendant and defense counsel, conferral between the parties regarding discovery requests and issues, and consideration of pre-trial motions. Therefore, the parties request that this Court find that the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

**(9)     Trial**

The parties have not engaged in plea discussions. At this time, the government estimates a four-week trial in this matter.

**(10)    Timing of a Final Status Conference**

Subject to the Court's preference and schedule, the defendant proposes that the February 24, 2026 status conference date be canceled and a further final status date be established in approximately 30-45 days in the future and requests entry of an accompanying order excluding the period under the Speedy Trial Act.

|  |  |
|---|---|
|  | Respectfully submitted, |
| LEAH B. FOLEY<br>United States Attorney | Mr. EAMMA SAFI<br>By his attorneys, |
| */s/ Ian J. Stearns*<br>IAN J. STEARNS<br>Assistant United States Attorney | */s/ Forest O'Neill-Greenberg*<br>FOREST J. O'NEILL-GREENBERG<br>CARA McNAMARA<br>Federal Defenders Office |

Dated:   February 17, 2026

## CERTIFICATE OF SERVICE

    I certify that on February 17, 2026, the foregoing document was filed electronically with the Clerk of the Court using the ECF system, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

                                              */s/ Forest O'Neill-Greenberg*
                                              Forest O'Neill-Greenberg